**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Felipe JAQUEZ–MERCADO,**
**Defendant—Appellant.**

**No. 05–50683.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2006.*

Decided April 11, 2006.

USSD—Office of The U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Mark F. Adams, Esq., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES,** District Judge.

### MEMORANDUM ***

Felipe Jaquez–Mercado appeals his sentence and conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326, arguing that (1) § 1326 is unconstitutional; (2) the district court should have dismissed the indictment

---

** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

because it was supported by an uncounseled deportation; and (3) the indictment was insufficient because it did not allege either voluntary entry or the *mens rea* element. We have jurisdiction pursuant to 42 U.S.C. § 1291, and we affirm.

Jaquez's argument that *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rendered unconstitutional 8 U.S.C. § 1326 is foreclosed by *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1073 (9th Cir.2005). We have also previously rejected claims identical to his claim that 8 U.S.C. § 1326 is unconstitutional as applied because the indictment pursuant to which he was convicted was supported by a deportation proceeding at which Jaquez was not represented by counsel. *See United States v. Rivera–Sillas,* 417 F.3d 1014, 1017–18 (9th Cir.2005).

Similarly precluded by binding Ninth Circuit authority are Jaquez's challenges to the sufficiency of the indictment. An indictment charging that a deported alien is "found in" the United States in violation of 8 U.S.C. § 1326 need not allege voluntary entry or *mens rea. Rivera–Sillas,* 417 F.3d at 1019–21; *United States v. Parga–Rosas,* 238 F.3d 1209, 1213–14 (9th Cir.2001).

**AFFIRMED.**